**In the Matter of the ESTATE OF Benjamin PILLA, Deceased.**

**Nos. 47764, 47768.**

Missouri Court of Appeals, Eastern District, Division Three.

July 24, 1984.

Mark Belz, Clayton, for appellant.

William H. Wyne, St. Louis, for respondent.

KAROHL, Presiding Judge.

Appellant, Michael Pilla appeals the denial of a petition for partial distribution of assets from two related estates. The consolidated appeals involve the same issues.

The petition for partial distribution was filed for the purpose of funding a settlement reached in a separate proceeding effecting both estates. The separate proceeding involved an affidavit to discover assets. The record presented on this appeal is insufficient to determine the details of that proceeding. However, it was tried to a jury in the probate court. Prior to completion of the trial the parties reached a settlement agreement and appellant's attorney dictated the terms of the agreement into the record. The parties were present in the court and acknowledged their agreement. The terms of the agreement were complex and involved the matter then before the court and other lawsuits involving the same or some of the same parties. The probate judge approved the settlement and ordered that it be reduced to writing and signed by all the parties. The court then discharged the jury.

It was understood and agreed that appellant-petitioner would make application to the probate court in both of the estates for a partial distribution of his inheritance in order to fund payments he undertook to make under the settlement agreement. During a hearing on the petitions for partial distribution some of the parties to the discovery of asset proceeding appeared and opposed the distribution. They contended that the settlement agreement as dictated to the court and agreed to by the litigants was incomplete and that therefore there was no agreement. Based on the partial record we conclude that the settlement as presented in open court failed to apportion the federal estate tax liability of the estates. The estate and some of the other parties to the petition to discover assets argued that appellant owed a portion of the federal estate taxes and that the failure to make it a part of the agreement was an oversight. Petitioner contended that the taxes had been paid by the estate and that apportionment was not appropriate.

The probate court denied appellant's petition on the grounds, "that the statement of agreement lacks sufficient certainty and definiteness to show that there was an actual binding agreement among numerous parties disposing of numerous and complex issues ... Therefore there was no actual agreement." Appellant contends on this appeal that the probate court erred in denying his petition for partial distribution on that ground.

Partial distribution in a probate estate is governed by the provisions of § 473.613, RSMo 1978. On application of any distributee after the expiration of six months from the date of letters, the court may order such distribution.

> The partial distribution under this section *may* be decreed with or without notice to interested persons, as ordered by the court. A decree of partial distribution made after notice to interested persons is as conclusive as a decree of final distribution with respect to the estate distributed except to the extent that other distributees and claimants are deprived of the fair share or amount which they would otherwise receive on final distribution. § 473.613.2. (emphasis added).

It follows that the approval of a partial distribution may be a final and appealable order. It does not follow, however, that the refusal to approve a petition for partial distribution is a final judgment.

An appeal is authorized only from a final judgment. § 512.020, RSMo 1978; Rule 74.01. We find that the discretionary denial of a petition for partial distribution filed by a distributee is not a disposition of all of the parties and all of the issues raised in the petition. It is not a final judgment. In the event the property authorized to be distributed is removed from the estate on order the rights of petitioner and all others would be resolved as to such property. However, in the event such petition is denied the assets remain within the jurisdiction of the court and subject to further claims of the parties in interest. The approval or denial is entirely discretionary with the court under § 473.613.2.

We observe that the attempt of petitioner to enforce the settlement in the discovery of asset proceedings has been asserted by appellant to require the court to approve the petition for partial distribution. The legal considerations in approving or denying a petition for partial distribution, which is in the discretion of the probate court, are: the condition of the estate; the assets of the estate; allowed but unpaid or pending claims; and, the known or unknown claimants to those assets. The existence of a settlement in the discovery of asset proceeding may be related to the petition at issue but it is not, in itself, controlling. If there was a settlement in that proceeding a motion to enforce the settlement should be addressed to the parties in interest in that proceeding. The discovery of asset proceeding included as one of its parties a savings and loan association not involved in the proceeding for partial distribution but a party to the settlement, if there was one.

We find that there was no final judgment disposing of all of the parties and all of the issues before the probate court and dismiss the appeal as premature. § 512.020, RSMo 1978; Rule 74.01.

REINHARD and CRANDALL, JJ., concur.